**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFERY A. BREIDIGAN, | ) |
| and LAURIE M. BREIDIGAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| LAW OFFICE OF IRA T. NEVEL LLC; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs Jeffery A. Breidigan and Laurie M. Breidigan  bring this action to secure redress from unlawful collection practices engaged in by defendant Law Office of Ira T. Nevel LLC ("Nevel LLC").  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction).

3.      Venue and personal jurisdiction in this District are proper because:

  a.      Defendant is located in or does or transacts business within this District.

  b.      Defendant's conduct impacted plaintiffs within the District.

  c.      The case involves real estate located within this District.

### PARTIES

4.      Plaintiffs are husband and wife and reside in a single family house in Oak Forest, Illinois.

5.      Defendant Nevel LLC is a law firm organized as an Illinois limited liability company with offices at 175 N. Franklin St., Suite 201, Chicago, IL 60606-1847.

6.      The practice of Nevel LLC consists almost entirely of collecting residential

1

mortgage debts.  Nevel LLC uses the mails and telephone system in connection with such activities.

7.     Nevel LLC states on its web site that "Lawyers at our Chicago law firm have been representing lenders in foreclosures and protecting the rights of creditors for over 32 years." (http://www.nevellaw.com/)

8.     Nevel LLC is a debt collector as defined in the FDCPA.

## FACTS

9.     Plaintiffs have a residential mortgage loan that is serviced by CitiMortgage.

10.     CitiMortgage and Nevel LLC claim that the loan is in default.  Plaintiffs dispute that the loan is in default.

11.     Specifically, plaintiffs contend:

   a.     On February 11, 2014, plaintiffs entered into a permanent loan modification agreement with CitiMortgage, Inc.;

   b.     Plaintiffs have been making payments pursuant to the modification agreement, and CitiMortgage has been accepting the payments.

   C.     The most recent payment that CitiMortgage has accepted was in October 2014.

   d.     CitiMortgage failed to properly document the modification or the payments and failed to apply the payments to plaintiffs' account.

12.     CitiMortgage referred plaintiff's loan to Nevel LLC and Nevel for foreclosure.

13.     On October 2, 2014, Nevel LLC filed a mortgage foreclosure action on behalf of CitiMortgage against plaintiffs, alleging that they were in default since March 1, 2014.

14.     On November 4, 2014, plaintiffs, by counsel, filed an appearance and a motion to dismiss in the foreclosure action.(Exhibit A)

15.     On December 1, 2014 the foreclosure action was set on a case management call.

2

Plaintiffs' counsel appeared and spoke to an attorney from Nevel LLC about the case.

16.     Nevel LLC was thus well aware of the fact that plaintiffs were represented by counsel.

17.     On December 3, 2014, Nevel LLC mailed plaintiffs, directly, the correspondence attached as (Exhibit B), stating that "you are not eligible for an alternative to foreclosure" and that "it is important that you make your full mortgage payment and late charges in the amount of $17,357.84, immediately."

18.     This statement was not true, since plaintiffs had been making payments on the modified mortgage.

19.     Plaintiffs were distressed and upset at receiving this communication.

## COUNT I – FDCPA

20.     Plaintiffs incorporate paragraphs 1-19.

21.     Nevel PC violated 15 U.S.C. §1692c by communicating directly with a represented consumer.

22.     Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**
>
> > **(2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . . .**

23.     The statements quoted above were false and deceptive, in violation of 15 U.S.C. §1692e, in that plaintiffs already had a loan modification.

24.     Section 1692e provides:

**§ 1692e.          False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; or**

**(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against

defendant for:

i.     Statutory damages;

ii.     Actual damages;

iii.     Attorney's fees, litigation expenses and costs of suit;

iv.      Such other and further relief as the Court deems proper.

/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

4

## **JURY DEMAND**

Plaintiffs demand trial by jury.

/s/Daniel A. Edelman
Daniel A. Edelman

T:\30751\Pleading\Complaint_Pleading.wpd

5

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Daniel A. Edelman
Daniel A. Edelman

7